**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| CAROLYN E. O'CONNOR, | ) |
| | ) |
| Plaintiff Pro Se, | ) |
| | ) |
| v. | )   Civil Action No. 3:06CV326–HEH |
| | ) |
| THE BOARD OF MANAGERS/ | ) |
| TRUSTEES OF THE 24 NORMAN | ) |
| STREET CONDOMINIUM | ) |
| ASSOCIATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

<u>**MEMORANDUM OPINION**</u>
**(Granting Defendant's Motion to Dismiss)**

This matter is before the Court on Defendants' Motion to Dismiss for lack of personal jurisdiction and for lack of venue pursuant to Rules 12(b)(2) and 12(b)(3), respectively, of the Federal Rules of Civil Procedure. Defendants have filed a memorandum of law in support of their position, to which Plaintiff did not respond. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. For the reasons stated below, Defendants' motion will be granted. Because Defendant's motion will be granted for lack of personal jurisdiction, the question of venue need not be addressed.

**I. Background**

Plaintiff Carolyn E. O'Connor, proceeding *pro se*, brought this action against Defendants alleging a variety of tort, contract, and constitutional claims.[1] Plaintiff's claims stem from an

---

[1] The Defendants include Nidia Rodriguez, Robert Lynch, and Aleksandra Marciniak, individually and in their capacities as the Trustees of the 24 Norman Street Condominium Trust, Mark Livermore in his capacity as Property Manager of the 24 Norman Street Condominium,

alleged constructive eviction from a condominium unit she owned in the 24 Norman Street Condominium in Salem, Massachusetts.  Plaintiff ascribes the constructive eviction to the disruptive activity of renters occupying a unit above Plaintiff's unit.  Because the Defendants are all residents of Massachusetts and the condominium is located in Massachusetts, Defendants filed the present Motion to Dismiss for lack of personal jurisdiction and for improper venue.

According to the Plaintiff, she owned and occupied her condominium unit from about April 1998 to January 2005 without complaining about the renters in the unit above hers.  In January 2005, Plaintiff began complaining, in verbal and written communications, to the Defendants of the renters' "noisy, maliciously noisy, and nuisance activity."  Plaintiff claims that, under the Bylaws of the 24 Norman Street Condominium Association, no nuisances were allowed in the condominium, and thus Defendants, as managers and trustees of the condominium association, had an obligation to remove the nuisance.

In March 2005, Plaintiff requested an eviction of the renters and advised Defendants that she would withhold her condominium fees until the eviction took place.  Defendants subsequently brought a collection action against Plaintiff for non-payment of the fees and obtained a lien against Plaintiff's property.  *See Bd. of Managers v. O'Connor*, No. 0536-CV-1099 (Mass. Dist. Ct. Salem Div. Jan. 11, 2006).  Plaintiff claims that the Defendants were using the renters' activity to induce her to pay the Defendant's claim.

In early 2006, in the process of refinancing her condominium unit, Plaintiff paid the fees due in order to remove the lien.  Plaintiff claims that, because she was unable to sell, rent, or occupy her home due to the renters' activity, her creditors foreclosed on the property.  Plaintiff

---

Paul J. Barresi, Esquire, and Stephen M. Marcus, Esquire in his capacity as principal of the law firm of Marcus, Errico, Emmer & Brooks, P.C.

then filed suit against the Defendants in the Commonwealth of Massachusetts premised on the same facts as the instant case alleging similar claims, which the court dismissed with prejudice. *See O'Connor v. Rodriguez*, No. 05-01868 (Mass. Sup. Ct. Essex County June 26, 2006). Plaintiff, now claiming to be domiciled in Virginia, brings the instant action.

## II. Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). "When, however, as here, a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction." *Id.* "In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff." *Id.*

## III. Analysis

The Court may assert personal jurisdiction over a nonresident defendant if the exercise of jurisdiction (1) is authorized by the state's long-arm statute and (2) comports with Fourth Amendment due process requirements. *Id.* "[T]he purpose of the Virginia long-arm statute is to extend jurisdiction to the extent permissible under the due process clause." *English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990). Due process requires the defendant to have sufficient "minimum contacts" with the forum state such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

In this case, Plaintiff did not address personal jurisdiction in her Complaint. Nor did

Plaintiff respond to Defendants' Motion to Dismiss for lack of personal jurisdiction. Plaintiff's Complaint reveals that all Defendants reside in Massachusetts and all contact between Plaintiff and Defendants occurred in Massachusetts. It appears that the only connection this case has to Virginia is that Plaintiff is domiciled in Virginia. Plaintiff fails to show any connection between Defendants and Virginia, and thus fails to make a prima facie showing of personal jurisdiction.

### IV. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss is granted.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this  28th  day of  August , 2006.
Richmond, VA